# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# At Chattanooga

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                            Case No. 1:21-cr-10
                                               Judges McDonough/Lee

ANDREW CALHOUN,

    Defendant.

## MOTION TO TRANSFER CASE PURSUANT TO RULE 21, OR ALTERNATIVELY, TO WITHDRAW AS COUNSEL

Defendant Andrew Calhoun, through undersigned counsel, respectfully moves this Court to transfer his case pursuant to Federal Rules of Criminal Procedure Rule 21 to the Eastern District of California, Sacramento. In the event the court denies this request, counsel alternatively seeks an order allowing her to withdraw from representation of Mr. Calhoun. As grounds, requests that this Honorable Court allow Mr. Calhoun to participate in the Initial Appearance and Arraignment Hearing set for March 25, 2021 via teleconferencing. Further, Mr. Calhoun requests that he be allowed to do so from his location in California and with the assistance of counsel appointed in that jurisdiction. In support of this motion, counsel would show:

    1)     Mr. Calhoun was arrested in California on the above charge. A Rule 5-out hearing was held and Mr. Calhoun was granted bond. He later waived appearance at his arraignment in this Court and Counsel was appointed to represent him.

    2)     He is charged with a count of transporting child pornography in interstate commerce. Particularly, he was charged in this District because the agent who intercepted the content giving rise to this charge was located in Chattanooga. Mr. Calhoun has no other contact with Chattanooga or Tennessee. Venue for this charge would also be proper in the Eastern District of California,

1

where Mr. Calhoun resides and where he allegedly caused the crime to occur.

3) Mr. Calhoun's family, support system, and likely witnesses resides in Sacramento. Mr. Calhoun remains on bond and has been compliant with bond conditions. Mr. Calhoun does not have the economic means to bring himself to Chattanooga, much less any witnesses.

4) Since engaging in representation of Mr. Calhoun, counsel has used telephone and email to communicate with him. Additionally, counsel traveled to Sacramento at the end of July, 2021, to meet with Mr. Calhoun over two days for roughly eight hours. Mr. Calhoun does not have any prior record, and the seriousness of the charges against him require a more sustained personal contact between counsel and Mr. Calhoun than is currently possible. Counsel asserts that remote representation of Mr. Calhoun raises serious Due Process concerns.

5) The Government is more able to bear the burden of remote prosecution as its case involves one witness, namely the case agent. It is appropriate that this Court should place the burden of remote prosecution on the Government.

6) Mr. Calhoun asserts that he has a right to be "tried by his peers" and that his peers reside in the Eastern District of California. Mr. Calhoun asserts that there are marked differences in community standards between the population in Eastern District of California and the Eastern District of Tennessee and that he does not believe that he could get a fair trial in the Eastern District of Tennessee. Thus, the Court <u>must</u> grant transfer under Rule 21(a). Mr. Calhoun asserts this for completeness.

7) However, Mr. Calhoun asserts that the Court does not need to make a finding under Rule 21(a), as the Court may transfer of this matter under Rule 21(b). Transfer is appropriate not only for the "convenience" of Mr. Calhoun, but also to ensure Mr. Calhoun has effective assistance of counsel as well as Due Process guaranteed to him under the Constitution. Mr. Calhoun would

show that it is necessary for him to have counsel in the same city as him in order to provide him effective assistance of counsel and Due Process. Counsel, although she has tried, cannot afford Mr. Calhoun effective assistance of counsel *remotely*.

8) Alternatively, in the event that this Court does not transfer this matter pursuant to Rule 21, Counsel seeks to withdraw from representation. Mr. Calhoun has expressed his dissatisfaction with counsel and further, Mr. Calhoun has chosen to take competing legal advice from his father which has caused a breakdown in the attorney/client relationship which is not repairable. Counsel spent two hours on a phone call with Mr. Calhoun last week and is unable to repair this relationship.

9) Counsel asks that any hearing on this motion be set to allow Mr. Calhoun to participate remotely via video or telephone from Sacramento, California.

Respectfully submitted,
FEDERAL DEFENDER SERVICES
OF EASTERN TENNESSEE, INC.

By: *s/ Myrlene R. Marsa*
Myrlene R. Marsa
Assistant Federal Defender
835 Georgia Avenue, Suite 600
Chattanooga, Tennessee 37402
Myrlene_Marsa@fd.org
(423) 756-4349
TN Bar # 016798